IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

GLEN P. POSEY                                                                    PLAINTIFF

vs.                                              Civil No. 2:11-cv-02100

MICHAEL J. ASTRUE                                                      DEFENDANT
Commissioner, Social Security Administration

## <u>MEMORANDUM OPINION</u>

Glen P. Posey ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his applications for a

period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income

("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1.      **<u>Background:</u>**

Plaintiff protectively filed his disability applications on November 14, 2008.  (Tr. 9, 125-

132).  Plaintiff claims to be disabled due to lower back problems, "nerves," depression, ulcers, and

fatigue. (Tr. 155).  Plaintiff alleges these illnesses, injuries, and conditions limit him the following

way:

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages
for this case are referenced by the designation "Tr."

> Because of my lower back I can't stand very long, my legs hurt if I stand too long. Because of not being able to get a job my nerves are real bad, I have problems with ulcers–made me pass out at the wheel.  I get depressed real easy.

(Tr. 155).  Plaintiff alleges an onset date of October 22, 2008.  (Tr. 125, 129, 155).  These applications were denied initially and again upon reconsideration.  (Tr. 64-67).

Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted.  (Tr. 82-84, 87-120).  Plaintiff's administrative hearing was held on December 2, 2009 in Fort Smith, Arkansas.  (Tr. 23-63).  Plaintiff was present and was represented by Matthew Ketcham at the hearing in this matter.  *Id.*  Plaintiff and Vocational Expert ("VE") Dale Thomas testified at this hearing.  *Id.*

On March 25, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (Tr. 9-18).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2013.  (Tr. 11, Finding 1).  The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 22, 2008, his alleged onset date.  (Tr. 11, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: back disorder and mood disorder.  (Tr. 11, Finding 3).  The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 11-13, Finding 4).

The ALJ determined Plaintiff was forty-six (46) years old on his alleged disability onset date. (Tr. 16, Finding 7).  Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2012) (DIB) and 20 C.F.R. § 416.963(c) (2010) (SSI).  *Id.*  Further, the ALJ determined Plaintiff had a marginal education but was able to communicate in English.  (Tr. 16, Finding 8).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

2

(Tr. 13-16, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he can occasionally climb, balance, stoop, kneel, crouch, and crawl.  The claimant can understand, remember, and carry out simple, routine, and repetitive tasks.  He can respond appropriately to supervision, co-workers, and usual work situations, but he can have only occasional contact with the general public.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to return to any of his PRW.  (Tr. 16, Finding 6).  The ALJ, however, also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 16-17, Finding 10).  The VE testified at the administrative hearing regarding this issue.  (Tr. 59-62). Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations could perform representative occupations such as a bench assembler with 300,000 such jobs in the national economy and 6,300 such jobs in Arkansas; maid with 280,000 such jobs in the national economy and 2,500 such jobs in Arkansas; and meat cutter with 44,000 such jobs in the national economy and 5,000 such jobs in Arkansas.  (Tr. 17).  Because Plaintiff could perform other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from October 22, 2008 through the date of his decision or through March 25, 2010.  (Tr. 17, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision.  (Tr. 4-5).  *See* 20 C.F.R. § 404.968 (2011).  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On June 1, 2011, Plaintiff filed the present appeal. ECF No. 1.  The

3

Parties consented to the jurisdiction of this Court on June 8, 2011.  ECF No. 5.  Both Parties have

filed appeal briefs.  ECF Nos. 11-12.  This case is now ready for decision.

**2.**   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to

support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the

Court may not reverse it simply because substantial evidence exists in the record that would have

supported a contrary outcome or because the Court would have decided the case differently.  *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible

to draw two inconsistent positions from the evidence and one of those positions represents the

findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065,

1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of

proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*,

160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines

a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that

4

his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.** **Discussion:**

In his appeal brief, Plaintiff raises the following four claims: (1) the ALJ erred in evaluating his severe impairments; (2) the ALJ failed to develop the record as to his RFC; (3) the ALJ erred in assessing his credibility; and (4) the ALJ failed to fairly and adequately develop the record in this case. ECF No. 11. Because this Court agrees with Plaintiff's third argument and finds the ALJ improperly evaluated his subjective complaints, this Court will only address the third issue Plaintiff raised.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2]  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. Instead of evaluating the *Polaski* factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely summarized the medical records and stated the following:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr. 13-14). In discounting Plaintiff's subjective complaints, the ALJ should have considered more than the medical evidence. The ALJ should have also evaluated the *Polaski* factors. *See Polaski*, 739 F.2d at 1322. Thus, this case must be reversed and remanded for further consideration consistent with the requirements of *Polaski*.[3]

4.      **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

ENTERED this 23rd day of May 2012.

/s/  Barry A. Bryant_____
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3]This remand is ordered solely for the purpose of permitting the ALJ the opportunity to comply with the requirements of *Polaski*. No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination, subject to this Court's later review.